UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

XILENA M. CACERES, on behalf of herself
and all others similarly situated,

      Plaintiff,

v.

MCCALLA RAYMER, LLC,
a Georgia Limited Liability Company,

      Defendant.

_____/

## CLASS ACTION COMPLAINT
## JURY DEMAND

1.      On behalf of the putative class, Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Simply put, Defendant sent a demand letter to Plaintiff which failed to comply with the mandated requirements of §1692g of the aforesaid federal statute.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3.      Plaintiff,  XILENA M. CACERES ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.      Defendant, MCCALLA RAYMER, LLC ("Defendant")), is a Georgia Limited Liability Company and law firm engaged in the business of collecting consumer debts, which operates from offices located in Alabama, Georgia and Florida.

5.      Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of consumer debts.

6.       Defendant regularly collect or attempt to collect debts for themselves and other parties.  They are "debt collectors" as defined in the FDCPA.

7.      Defendant's website states that MCCALLA RAYMER, LLC is "[a] national leader in the residential mortgage default industry which specializes in: Bankruptcies, Foreclosures, Litigation, REO & Eviction Services." Source: <http://www.mccallaraymer.com/> (last accessed: January 3, 2013).

8.      At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.  *See generally, Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F.3d 1211 (11th Cir. 2012).

## FACTUAL ALLEGATIONS

2

9.     Defendant sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the alleged debt at issue was related to Plaintiff's residential mortgage.

10.     On or about October 19, 2012, Defendant sent Plaintiff a demand letter seeking to collect an alleged debt from Plaintiff.

11.     The subject demand letter stated that Plaintiff was in arrears with respect to her residential mortgage in the amount of $269,786.81 dollars.  Based upon the language of the letter, at least some of this amount was for attorney's fees allegedly owed to Defendant.

12.     The subject demand letter was signed by an attorney-employee of Defendant.

13.     The subject demand letter states in part:

2.     The debtor may dispute the validity of this debt, or any portion thereof, within 30 days of receipt of this Notice.  If the debtor fails to dispute the debt within 30 days, the debt will be assumed valid by the creditor.

14.     A true and correct copy of the demand letter is attached hereto as "Exhibit A".

15.     The alleged debt arises from Plaintiff's mortgage of her personal residence.

3

16.    The letter was Defendant's first communication with Plaintiff with respect to the debt alleged therein.

17.    Under 15 U.S.C § 1692g(a)(3) the Defendant must provide the Plaintiff with:

> [A] *statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid **by the debt collector**...*

(emphasis added).

18.    Defendant's demand letter incorrectly the states the assumption of validity as pronounced by the FDCPA.

19.    Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law.  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605 (U.S. April 21, 2010).

## CLASS ACTION ALLEGATIONS

20.    This action is brought on behalf of a class consisting of (i) all persons with addresses in the State of Florida (ii) to whom letters the same form as "Exhibit A" were sent (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undelivered by the

U.S. Post Office (v) during the one year period prior to the filing of the original complaint in this action through the date of certification.

21.    Plaintiff alleges on information and belief based upon the Defendant's use of letters in the form of "Exhibit A" that the class is so numerous that joinder of all members of the class is impractical. Based upon Defendant's use of letters in the form of "Exhibit A".

22.    There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent a letter in the form of "Exhibit A".  The principal legal issues are whether Defendant' letters in the form of "Exhibit A" violate the FDCPA by failing to properly inform the consumer with respect to the assumption of validity regarding debt validation in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C §1692g.

23.    Plaintiff's claim is typical of those of the class members. All are based on the same facts and legal theories.

24.    Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

25.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Ms. Caceres requests certification of a class under Rule 23(b)(3), Federal Rules of Civil Procedure, for monetary damages.

## COUNT I
## FAILURE TO PROPERLY NOTIFY PLAINTIFF OF HER RIGHTS IN ACCORDANCE WITH 15 U.S.C. § 1692g

27.     Plaintiff incorporates Paragraphs 1 through 26.

28.     Defendant's demand letter misstates the applicable legal standard with regard to the assumption of validity as pronounced by section 1692g(a)(3) of the FDCPA.  Defendant's demand letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights and therefore violates of 15 U.S.C. § 1692g(a) as well as 15 U.S.C. § 1692e(10).  *See generally, Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A.*, No. 11-80894-CIV, 2011 WL 4499100 (S.D. Fla. Sept. 27, 2011).

29.     As a result of Defendant's conduct, Plaintiff and the class are entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k.

30.     Plaintiff and the class are entitled to an award of costs and attorney fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the class, against Defendant for:

a.     Statutory damages pursuant to 15 U.S.C. § 1692k;

b.     Attorney's fees, litigation expenses and costs of the instant suit; and

c.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 6th day of January, 2013.

Respectfully submitted,

By:/s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Telephone: 954-589-0588
Facsimile: 954-337-0666
scott@scottdowens.com